1  Peter Dubrawski (Bar No. 65677)
   *pdubrawski@hbblaw.com*
2  Frances P. Brower (Bar No. 265338)
   *fbrower@hbblaw.com*
3  Kyle R. DiNicola (Bar No. 297542)
   *kdinicola@hbblaw.com*
4  HAIGHT BROWN & BONESTEEL LLP
   2030 Main Street, Suite 1525
5  Irvine, California 92614
   Telephone:  714.426.4600
6  Facsimile:  714.754.0826

7  Attorneys for Defendant ENERCO GROUP,
   INC.

8

   # UNITED STATES DISTRICT COURT

9

   ## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11

12  MICHAEL PIERSON, individually and as
    the Successor-In-Interest to the Estate of
    Katie Pierson; COURTNEY PIERSON,
13  individually,

14          Plaintiffs,

15     v.

16  M.B. STURGIS, INC., a corporation;
    ENERCO GROUP, INC., a corporation;
17  COLOMA FOOD INC., a corporation;
    WORTHINGTON INDUSTRIES, INC., a
18  corporation; GRAND GAS EQUIPMENT
    INC., a foreign corporation; and DOES 1
19  through 50, inclusive,

20          Defendants.

21

Case No. 2:23-cv-07919-HDV (RAOxE)

**DEFENDANT ENERCO GROUP, INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE**

*Filed concurrently with Declarations of Kyle R. DiNicola, Frances Brower, William Dominic, M.D., and Randy Cash; [Proposed] Order*

Date:      December 21, 2023
Time:      10:00 a.m.
Crtrm.:    5B

The Hon. District Judge Hernan D. Vera; Magistrate Judge Rozella A. Oliver

Trial Date:          Not Set

22

23          **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

24          **PLEASE TAKE NOTICE** that on December 21, 2023, at 10:00 a.m. or as soon as

25  may be heard in Department 5B of the above-referenced Court located at the United States

26  Courthouse for the Central District of California, Western Division, 350 W. 1st Street, 5th

27  Floor, Los Angeles, California 90012, Defendant Enerco Group, Inc. ("Enerco") will and

28  hereby does move this Court for an Order transferring this case from the Central District of

EI07-0000002
14710426.1

i

ENERCO GROUP, INC.'S NOTICE OF MOTION
AND MOTION TO TRANSFER VENUE

1    California, Western Division, to the Eastern District of California pursuant to 28 U.S.C.

2    section 1404, subd. (a).

3          This Motion is made on the grounds that this wrongful death and products liability

4    action arises out of an incident that occurred in the County of Merced; neither Plaintiff

5    Michael Pierson nor Plaintiff Courtney Pierson are residents of any county that feeds into

6    the Central District Court of California; all of the third-party percipient witnesses

7    identified to date work and/or reside in Merced County or another county in northern

8    California. None of the third-party percipient witnesses, let alone the Plaintiffs, are known

9    residents of Los Angeles County, Santa Barbara County, San Luis Obispo County, Orange

10   County, Riverside County, San Bernardino County, or Ventura County. In fact, the only

11   party that has any alleged connections to Los Angeles County is Defendant Worthington

12   Industries, Inc. ("Worthington"), which according to the Complaint, has a principal place

13   of business in Pomona, California. Worthington's verified discovery responses, however,

14   state that its principal place of business is in Columbus, Ohio and it is not qualified to do

15   business in California.

16         In light of the clear attempt by Plaintiffs to forum shop, this Court should transfer

17   the venue of this action to the U.S. District Court for the Eastern District of California for

18   the convenience of the witnesses and to promote the interests of justice pursuant to 28

19   U.S.C. section 1404, subd. (a).

20         This motion is made following the conference of counsel pursuant to L.R. 7-3

21   which was initiated on October 5, 2003 and was concluded on October 12, 2023.

22   (Declaration of Frances Brower, ¶¶ 1-5.)

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

Haight

ENERCO GROUP, INC.'S NOTICE OF MOTION
AND MOTION TO TRANSFER VENUE

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities attached hereto, the Declaration of Kyle R. DiNicola and exhibits attached thereto, the Declaration of Frances Brower and exhibits attached thereto, the Declarations of William Dominic and M.D., Randy Cash, the files and records of this Court, and upon such further oral and documentary evidence as may be presented at the time of the hearing on this Motion.

DATED:  October 19, 2023          HAIGHT BROWN & BONESTEEL LLP


By:  _____
     Peter Dubrawski
     Frances P. Brower
     Kyle R. DiNicola
     Attorneys for Defendant ENERCO GROUP,
     INC.

# <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ........................................................................................ 1

II.   STATEMENT OF FACTS ........................................................................... 1

III.  LEGAL AUTHORITY ................................................................................ 8

IV.   THIS COURT SHOULD TRANSFER VENUE TO THE EASTERN DISTRICT OF CALIFORNIA ............................................................................. 9

    A.    The Eastern District Of California Is A Proper Venue In Which Plaintiffs Could Have Originally Filed Suit Pursuant To 28 U.S.C. § 1391(b). ........................................... 9

    B.    Transferring This Case To The Eastern District Of California Will Serve The Interests Of Justice And Will Be More Convenient For The Parties And The Witness. 11

        1.    The Parties' contacts with the Eastern District of California support transfer... 11

        2.    Plaintiffs' choice of venue does not support maintaining this action in the Central District of California. ............................................................. 12

        3.    The convenience to parties and witnesses, as well as access to evidence and witnesses support transferring this action to the Eastern District of California. ........ 12

        4.    The costs of litigation will be substantially impacted given the processes available to compel attendance at trial ........................................................ 13

        5.    The Eastern District of California has an interest in this action, which arises from a fire and injuries that occurred within that district. ............................. 14

V.    CONCLUSION ......................................................................................... 14

VI.   CERTIFICATE OF COMPLIANCE ......................................................... 15

Haight

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Baglama v. MWV Consumer & Office Prod.*, 2013 WL 12200647 (C.D. Cal. Aug. 19, 2013)...................................................................................................................... 11

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834 (9ᵗʰ Cir. 1986) .................. 11

*Entenmann's Inc. v. King Bees Distr. Co.*, 692 F.Supp. 157 (E.D.N.Y. 1988).............. 9, 11

*Guenther v. Novartis Pharmaceutical Corp.*, 297 F.R.D. 659 (M.D. Fla. 2013)............... 13

*Healy v. Phillips*, 69 F.3d 544 (9th Cir. 1995) ................................................... 10

*In re Bozic*, 888 F.3d 1048 (9th Cir. 2018)............................................................ 9

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) ............................ 11, 12

*Lopez v. Chertoff*, 2007 WL 2113494 (N.D. Cal. July 20, 2007)....................................... 11

*Setco Enterprises Corp. v. Robbins*, 19 F.3d 1278 (8th Cir. 1994)................................... 10

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988) ............................................... 9

*Van Dusen v. Barrack*, 376 U.S. 612 (1964)........................................................ 9

**Statutes**

28 U.S.C. § 1391, subd. (b) .............................................................................. 10

28 U.S.C. § 1391, subd. (b)(2)........................................................................... 10

28 U.S.C. § 1404, subd. (a) ................................................................................ 8

**Rules**

Fed. R. Civ. P., 45, subd. (c)............................................................................ 13

Fed. R. Civ. P., 45, subd. (c)(1)(A) .................................................................. 13

Fed. R. Civ. P., 45, subd. (c)(1)(B)(ii)............................................................... 13

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

This personal injury and wrongful death action arises out of a fire that occurred on February 21, 2021, in Snelling, California, in the County of Merced (the "Subject Incident"). Plaintiffs, who do not reside in any county that feeds into the Central District, filed their lawsuit in Los Angeles County Superior Court simply because, according to their Complaint, certain defendants do business there. The County of Los Angeles (or any of the seven counties which feed into the Central District), however, has no connection to Plaintiffs, the Subject Incident, the physical evidence that allegedly caused the fire, any of the fire personnel, police, or medical personnel who responded to the scene of the Subject Incident, any of Plaintiffs' medical providers, or any other percipient witnesses identified in this case to date. Most of the third-party witnesses identified thus far reside in or around the area of Merced or in a location close to Merced County. Accordingly, since the overwhelming majority of witnesses reside far outside of the jurisdiction of the Central District, it would be more logical and convenient to litigate this action in the Eastern District of California.

By way of background, this action is presently before the Central District of California as a result of Enerco's removal.  Prior to removing the action, a motion to transfer venue was filed in the state court action which was pending in Los Angeles county.  The hearing on that motion, however, was not scheduled for a date until after the removal occurred.  Given the restrictions on where an action may be removed and when it may be removed, Enerco was left with no other option but to remove the state court action to the Central District of California.  It now seeks to transfer venue for the reasons identified above pursuant to 28 U.S.C. section 1404, subd. (a).

**II.   STATEMENT OF FACTS**

This case arises out of a fire that occurred on February 21, 2021, in Snelling, California, located 17 miles north of Merced in the County of Merced. (Declaration of Kyle R. DiNicola ("DiNicola Decl."), ¶ 2, Ex. A [Plaintiff's Complaint], ¶ 10 [Plaintiffs'

Complaint].) Around the time of the Subject Incident, Plaintiff Michael Pierson and the decedent, Katie Pierson, were attending a motocross event at the Oatfield Raceway, located at 12801 Looney Road, Snelling, California, while staying in a trailer at a campground near the racetrack. (*Ibid*.) On the night of February 21, at approximately 6:15 a.m., Katie Pierson switched on a portable heater, called "Mr. Heater," which was connected to a propane tank located inside their trailer. (*Id*. at Ex. A, ¶ 14.) An explosion occurred and both Mr. and Mrs. Pierson sustained significant burns. (*Id*. at Ex. A, ¶ 10.) Plaintiffs initiated the instant action, alleging negligence and product liability claims, against the manufacturers of the propane tank, the portable heater, and other equipment involved in the Subject Incident. (*Id*. at Ex. A.)  Notably, the specific configuration of the equipment is a critical issue in this case, because there were multiple propane tanks located inside the trailer and multiple appliances attached to those propane tanks. Which propane tank and/or hose was the source of the leak, how the propane appliances were connected, and whether the appliances and/or equipment was damaged before, during, or after the Subject Incident will constitute significant areas of investigation and trial testimony.  All of the evidence purportedly found at the location of the Subject Incident, including but not limited to the Plaintiff's trailer and the alleged defective products, are now being stored in a facility located in Sacramento, California (*Id.* at ¶ 9.)

After the Subject Incident, numerous individuals responded to the subject fire. This included personnel from the Merced County Sheriff's Department, such as Deputies Alexandra Britton and Lucy Lopez; Cal-Fire employee Randy Cash; the owner of the campground where Plaintiffs were staying, Jack Acevedo, Jr.; Paramedics from Riggs Ambulance Service, who provided medical care; along with the physicians at Community Regional Medical Center ("CRMC") in Fresno, to which Plaintiffs were airlifted following the Subject Incident. (DiNicola Decl., ¶¶ 2, 4, Ex. A [Plaintiff's Complaint], ¶¶ 43-44; Ex. B [Michael Pierson's Responses to Enerco's Form Interrogatories, Set One], No. 12.1; Declaration of Frances Brower ("Brower Decl."), ¶ 6-8, Ex. G [Declaration of Alexandra Britton], ¶¶1-3; Declaration of William Dominic, M.D. ("Dominic Decl."), ¶¶ 1-3;

Declaration of Randy Cash ("Cash Decl."), ¶¶ 1-3.) Plaintiff Michael Pierson sustained second and third degree burns over a large area of his body and was treated at CRMC from February 21, 2021, until his release in May, 2021. (DiNicola Decl., ¶ 4, Ex. B [Michael Pierson's Responses to Enerco's Form Interrogatories, Set One], Nos.6.2, 6.4.) Michael Pierson was then treated at a Kaiser Permanente facility in Sacramento. (*Ibid*.) Decedent Katie Pierson sustained similar injuries and also treated at CRMC from the date of the Subject Incident until she tragically died from her injuries in May, 2021. (DiNicola Decl., ¶ 2, Ex. A [Plaintiffs' Complaint], ¶¶ 44-45.)

In addition to first responders and medical personnel, Enerco expects other non-party witnesses to offer significant testimony in this matter. This includes Travis Prock, who responded to the scene of the Subject Incident, and Katie Pierson's mother, Cheryl Manzouranis, both of whom are expected to testify about Plaintiffs' injuries and damages. (See DiNicola Decl., ¶¶ 5-6, Ex. C [Courtney Pierson's Responses to Enerco's Special Interrogatories, Set One], No. 7; Ex. D [Deposition Transcript of Michael Pierson], 48:2-49:3, 357:7-23; 266:22-268:11; 229:3-231:9, 311:20-312:8.)

The following is a chart of the non-party witnesses which Enerco anticipates are likely to be involved in this matter, their affiliation with any particular agency or organization, their distance from the U.S. District Court in the Central District of California compared to the U.S. District Court in the Eastern District of California, and a brief description of their anticipated testimony, where available.

| Name | Affiliation/ Location | Approximate Distance to First Street Courthouse | Distance to U.S. District Court in Fresno, CA | Anticipated Testimony |
|---|---|---|---|---|
| Deputy Alexandra Britton | Merced County Sheriff's Department | Approx. 276 miles | Approx. 57 miles | Defendant anticipates Deputy Britton will testify regarding her response to and investigation of the Subject Incident. (DiNicola Decl., ¶ 4, Ex. B [Michael |

| Name | Affiliation/ Location | Approximate Distance to First Street Courthouse | Distance to U.S. District Court in Fresno, CA | Anticipated Testimony |
|---|---|---|---|---|
| | | | | Pierson's Responses to Form Interrogatories. Set One], No. 12.1; Brower Decl., ¶ 6-8. Ex. G [Declaration of Alexandra Britton]. ¶¶ 1-3.) |
| **Deputy Lucy Lopez** | Merced County Sheriff's Department | Approx. 276 miles | Approx. 57 miles | Defendant anticipates Deputy Lopez will testify regarding her response to and investigation of the Subject Incident. (*Ibid.*) |
| **Randy Cash, Fire Apparatus Engineer** | Merced County Fire Department / Cal-Fire | Approx. 544 miles | Approx. 331 miles | Defendant anticipates Mr. Cash will testify regarding his response to and/or investigation of the Subject Incident. (DiNicola Decl., ¶ 4. Ex. 4 [Michael Pierson's Responses to Form Interrogatories. Set One], No. 12.1; Declaration of Randy Cash, ¶¶ 1-3.) |
| **Jack Acevedo, Jr.** | Owner of Camp Ground in Snelling | Approx. 293 miles | Approx. 73 miles | Defendant understands that Mr. Acevedo was one of the first people on the scene after the Subject Incident, took possession of the propane tanks and heater, and stored them for the Fire Department. Defendant expects him to offer testimony regarding the condition of the equipment. (DiNicola |

| Name | Affiliation/ Location | Approximate Distance to First Street Courthouse | Distance to U.S. District Court in Fresno, CA | Anticipated Testimony |
|---|---|---|---|---|
| | | | | Decl., ¶ 4, Ex. B [Michael Pierson's Responses to Form Interrogatories, Set One].) |
| **Travis Prock** | Orangevale, California | Approx. 407 miles | Approx. 186 miles | Mr. Prock was identified as a witness to the Subject Incident by Plaintiffs in response to Form Interrogatory No. 12.1. It is understood Mr. Prock may have also responded to the scene of the Subject Incident. (*Ibid.*; See also DiNicola Decl., ¶ 6, Ex. D [Deposition Transcript of Michael Pierson], 266:22-268:11.) |
| **L. Quach, DO** | Community Regional Medical Center ("CRMC") 2823 Fresno St., Fresno, CA 93721 | Approx. 220 miles | Approx. 0.5 miles | Defendant anticipates Dr. Quach will testify about the treatment of Plaintiff Michael Pierson, including the initial cleansing and dressing of his injuries. (DiNicola Decl., ¶ 4, Ex. B [Michael Pierson's Responses to Form Interrogatories, Set One], No. 6.4.) |
| **W. Dominic, MD** | CRMC 2823 Fresno St., Fresno, CA 93721 | Approx. 225 miles | Approx. 0.5 miles | Defendant anticipates Dr. Dominic will testify about the treatment of Plaintiff Michael Pierson, including the initial cleaning and dressing of his injuries. (DiNicola Decl., ¶, B [Michael Pierson's Responses to Form |

Haight

Haight

| Name | Affiliation/ Location | Approximate Distance to First Street Courthouse | Distance to U.S. District Court in Fresno, CA | Anticipated Testimony |
|---|---|---|---|---|
| | | | | Interrogatories. Set Onel. No. 6.4: Declaration of William Dominic. M.D., ¶¶ 1-3.) |
| **Mary Wolfe, MD** | CRMC 2823 Fresno St., Fresno, CA 93721 | Approx. 220 miles | Approx. 0.5 miles | Defendant anticipates Dr. Wolfe will testify about the treatment of Plaintiff Michael Pierson, including the excision and allograft of the burns to his torso. (DiNicola Decl., ¶. B [Michael Pierson's Responses to Form Interrogatories, Set One], No. 6.4.) |
| **Peimon Estakhri, MD** | CRMC 2823 Fresno St.. Fresno. CA 93721 | Approx. 220 miles | Approx. 0.5 miles | Defendant anticipates Dr. Estakhri will testify about the treatment of Plaintiff Michael Pierson. including the excision and allograft of the burns to his torso. arm. shoulder. and hand: and his percutaneous tracheostomy. (*Ibid.*) |
| **Z. Ghulam-Jelani, MD** | CRMC 2823 Fresno St., Fresno, CA 93721 | Approx. 220 miles | Approx. 0.5 miles | Defendant anticipates Dr. Ghulam-Jelani will testify about the treatment of Plaintiff Michael Pierson, including the removal of allograft and burn re-excisions to his right arm and forearm, hands, and right shoulder; as well as his percutaneous tracheostomy. (*Ibid.*) |

| Name | Affiliation/ Location | Approximate Distance to First Street Courthouse | Distance to U.S. District Court in Fresno, CA | Anticipated Testimony |
|---|---|---|---|---|
| **W. Frye, MD** | CRMC 2823 Fresno St., Fresno, CA 93721 | Approx. 220 miles | Approx. 0.5 miles | Defendant anticipates Dr. Frye will testify about the treatment of Plaintiff Michael Pierson, including the removal of allograft, burn re-excisions, to his right arm, left hand, and right shoulder; and as to the percutaneous tracheostomy. (*Ibid*.) |
| **Shana Ballow, DO** | CRMC 2823 Fresno St., Fresno, CA 93721 | Approx. 220 miles | Approx. 0.5 miles | Defendant anticipates Dr. Ballow will testify about the treatment of Plaintiff Michael Pierson, including the tangential burn re-excision and allograft to his back, left shoulder, and right hand. (*Ibid*.) |
| **N. Drevfus, M.D.** | CRMC 2823 Fresno St., Fresno, CA 93721 | Approx. 220 miles | Approx. 0.5 miles | Defendant anticipates Dr. Drevfus will testify about the treatment of Plaintiff Michael Pierson, including the removal of allograft, burn, debridement and excision, and autograft overlay to his shoulders, flanks, arms, right leg and left foot. (*Ibid*.) |
| **Gurbir Athwal, M.D.** | CRMC 2823 Fresno St., Fresno, CA 93721 | Approx. 220 miles | Approx. 0.5 miles | Defendant anticipates Dr. Athwal will testify about the treatment of Plaintiff Michael Pierson, including the burn excision to his posterior shoulders with meshed split |

| Name | Affiliation/ Location | Approximate Distance to First Street Courthouse | Distance to U.S. District Court in Fresno, CA | Anticipated Testimony |
|---|---|---|---|---|
| | | | | thickness skin graft; the burn debridement to his left thigh; the autograft to his left thigh and bilateral calves; and the burn excision and split thickness skin graft to his right hand. (*Ibid.*) |
| **Katie Pierson's Physicians from CRMC** | CRMC 2823 Fresno St., Fresno, CA 93721 | Approx. 220 miles | Approx. 0.5 miles | Defendant anticipates that Mrs. Pierson's physicians will testify about her medical treatment and cause of death. (*Ibid.*) |
| **Medical providers for Michael Pierson at Kaiser Permanente in Sacramento (not yet identified by Plaintiffs)** | Kaiser Permanente, 6600 Bruceville Road, Sacramento, CA | Approx. 380 miles | Approx. 160 miles | The interrogatory responses of Michael Pierson indicate after he was discharged from CRMC he was treated at Kaiser Permanente from May 2021 to July 2021, but the responses do not identify the names of any individual providers. (*Ibid.*) |

## III.   LEGAL AUTHORITY

Pursuant to 28 U.S.C. § 1404, subdivision (a), a district court may, "[f]or the convenience of parties and witnesses, in the interest of justice… transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404, subd. (a).

Section 1404, subdivision (a) affords district courts broad discretion to adjudicate motions for transfer of venue according to an "individualized, case-by-case consideration

of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, (1988). The purpose of Section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964), superseded by statute on other grounds.

The threshold question of a motion to transfer pursuant to Section 1404(a) is whether the case "might have been brought" in the proposed transferee district. That is, the proposed transferee venue must be one where the plaintiff could have originally filed suit. *In re Bozic*, 888 F.3d 1048, 1053 (9th Cir. 2018). Once a defendant establishes that a case "might have been brought" in the proposed transferee district, the Court must weigh the practical factors that are advanced by the adjudication of claims in the most convenient forum. *Entenmann's Inc. v. King Bees Distr. Co.*, 692 F.Supp. 157, 160 (E.D.N.Y. 1988).

## IV.  THIS COURT SHOULD TRANSFER VENUE TO THE EASTERN DISTRICT OF CALIFORNIA

This Court should transfer this action to the United States District Court for the Eastern District of California, because that district is a proper venue for this case and would be more convenient for the parties and witnesses. Indeed, the Subject Incident occurred in a county that is located in the Eastern District of California (Merced County). Moreover, the overwhelming majority of evidence and witnesses are located in the Eastern District of California.

### A.  The Eastern District Of California Is A Proper Venue In Which Plaintiffs Could Have Originally Filed Suit Pursuant To 28 U.S.C. § 1391(b).

Proper venue for filing a lawsuit is generally determined by 28 U.S.C. § 1391, subdivision (b), which provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

ENERCO GROUP, INC.'S NOTICE OF MOTION
AND MOTION TO TRANSFER VENUE

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391, subd. (b).

At the outset, this action would have been properly venued in the Eastern District of California pursuant to 28 U.S.C. § 1391, subdivision (b)(2). Indeed, Plaintiffs could have initiated this action in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. § 1391, subdivision (b)(2), because the Subject Incident occurred in Merced County, which is located within the Eastern District of California.

Venue is proper in any "district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391, subd. (b)(2). The inquiry for determining if a venue is proper is whether the district in question has a "substantial connection with the claim regardless of whether one forum had greater contacts." *Setco Enterprises Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994); see, e.g., *Healy v. Phillips*, 69 F.3d 544 (9th Cir. 1995), finding no abuse of discretion where court transferred case to district that encompassed the county in which most of the events giving rise to the plaintiff's claims occurred.

Here, as discussed above, the entire Subject Incident that gives rise to Plaintiffs' Complaint occurred in Merced County, in the Eastern District of California. None of the events and allegations giving rise to Plaintiffs' Complaint occurred in the Central District of California. Therefore, Plaintiffs could have initiated this action in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. § 1391, subdivision (a)(2).

Haight

B.   **Transferring This Case To The Eastern District Of California Will Serve The Interests Of Justice And Will Be More Convenient For The Parties And The Witness.**

Once a defendant establishes that a case might have been brought in the proposed transferee district, the Court must weigh the practical factors that are advanced by the adjudication of claims in the most convenient forum. *Entenmann's Inc. v. King Bees Distr. Co.*, *supra*, 692 F.Supp. at 160.

In considering whether transfer is appropriate pursuant to Section 1404(a), courts must weigh multiple factors, which may include: (1) the parties' contacts with the forum; (2) the contacts relating to the plaintiff's cause of action in the chosen forum; (3) the plaintiff's choice of forum; (4) the convenience to parties and witnesses; (5) the ease of access to sources of proof; (6) the availability of compulsory processes to compel attendance of unwilling non-party witnesses; (7) the differences in the costs of litigation in the two forums; (8) any local interest in the controversy; and (9) whether a related case lies in the transferee court. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000); *Baglama v. MWV Consumer & Office Prod.*, 2013 WL 12200647, at *4 (C.D. Cal. Aug. 19, 2013); *Lopez v. Chertoff*, 2007 WL 2113494, at *2 (N.D. Cal. July 20, 2007). In addition, a district court may consider factors such as relative court congestion, the local interest in having localized controversies decided at home, and the "unfairness of burdening citizens in an unrelated forum with jury duty." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

1.   **The Parties' contacts with the Eastern District of California support transfer.**

At the time of the Subject Incident, Plaintiff Michael Pierson and Decedent were both residents of Herald, California, a city within Sacramento County in the Eastern District of California. (DiNicola Decl., ¶ 4, Ex. B [Michael Pierson's Responses to Enerco's Form Interrogatories, Set One], No. 2.5.)  Plaintiff Courtney Pierson was also a resident of Auburn, California in Placer County. (DiNicola Decl., ¶ 4, Ex. F [Courtney

Pierson's Responses to Enerco's Form Interrogatories, Set One], No. 2.5.)  Consequently, none of the Plaintiffs or parties involved have any residence or other contacts whatsoever with the Central District of California.

> **2.     Plaintiffs' choice of venue does not support maintaining this action in the Central District of California.**

While Plaintiffs' choice of venue is ordinarily a factor to take into account when assessing whether to transfer an action, such choice is irrelevant here, when the venue was established based on Enerco's removal of the action from state court. Moreover, given the location of the Subject Incident, witnesses, and evidence, Plaintiffs' original choice of venue effectively served no purpose other than the convenience of Plaintiffs' counsel. The convenience of counsel, however, is not a factor relied upon when ruling on a motion to transfer venue. *Jones v. GNC Franchising, Inc.*, *supra*, 211 F.3d at 498.

> **3.     The convenience to parties and witnesses, as well as access to evidence and witnesses support transferring this action to the Eastern District of California.**

As demonstrated above, the Subject Incident, all of the evidence collected from the scene, the Subject Incident's investigation, the treatment of Plaintiff Michael Pierson, and the treatment and passing of Decedent all occurred in Merced and Fresno Counties, which feed into the Eastern District of California. The physical evidence related to the Subject Incident and the numerous witnesses who treated the Plaintiff and Decedent and/or witnessed the events surrounding the Subject Incident, are located in or around the Central Valley in Merced County, Fresno County, Sacramento County, El Dorado County, and even as far north as Shasta County. (DiNicola Decl., ¶¶ 4, 6, Ex. B [Michael Pierson's Responses to Form Interrogatories, Set One], No. 12.1; Ex. D [Deposition Transcript of Michael Pierson], 48:2-49:3, 357:7-23; 266:22-268:11; 229:3-231:9, 311:20-312:8; Brower Decl., ¶¶ 6-8, Ex. G [Declaration of Alexandra Britton], ¶¶ 1-5; Declaration of William Dominic, M.D., ¶¶ 1-5; Declaration of Randy Cash, ¶¶ 1-5.)

Witnesses such as Deputy Alexandra Britton and Fire Captain Randy Cash, both of which responded to the scene of the Subject Incident, as well as Michael Pierson's primary treating physician at CRMC, Dr. Dominic, have indicated in their declarations that traveling to the Central District for trial would be an inconvenience and traveling to a county within the Eastern District of California would be preferable. (Brower Decl., ¶¶ 6-8, Ex. G [Declaration of Alexandra Britton], ¶¶ 4-5; Declaration of Randy Cash, ¶¶ 4-5; Declaration of William Dominic, MD, ¶¶ 4-5.)

Moreover, to the extent any third-party witnesses are unwilling to testify at trial, a court within the Eastern District will be more capable of compelling their testimony, since most of these witnesses reside within its borders.

### 4. The costs of litigation will be substantially impacted given the processes available to compel attendance at trial

To the extent any party wishes to take the deposition of any nonparty witness in this case in person, a subpoena issued to such a nonparty may only require that person to travel within 100 miles of where the person resides, is employed, or regularly transacts business. Fed. R. Civ. P., 45, subd. (c)(1)(A). With respect to an appearance for trial, a subpoena may only compel a nonparty witness to appear if that person's appearance would either comply with the 100-mile rule or would require the person to travel within the state of California (assuming he/she resides, is employed, or regularly transacts business in California) so long as the witness will not incur "substantial expense." Fed. R. Civ. P., 45, subd. (c)(1)(B)(ii). If travel would involve "substantial expense," a court may nonetheless still require it but may condition that compliance on reimbursement by the party seeking to enforce the subpoena. See Fed. R. Civ. P., 45, subd. (c); *Guenther v. Novartis Pharmaceutical Corp.*, 297 F.R.D. 659, 660 (M.D. Fla. 2013).

In light of the foregoing and based on the above chart identifying the distance in which each nonparty witness is located in relation to the Central District versus the Eastern District, it is clear that the costs of litigation will be substantially impacted to the extent any party is obligated to compel an individual to appear in person for trial at the Central

District courthouse. Not only will the parties be required to expend unnecessary time and cost to file a motion to compel, but additional unnecessary time and resources will be required to evaluate whether a particular nonparty witness will incur "substantial expense" in having to travel to the Central District courthouse.

**5.      The Eastern District of California has an interest in this action, which arises from a fire and injuries that occurred within that district.**

In addition to the abovementioned practical considerations of convenience and the parties' contacts with the Eastern District of California, that district itself has an interest in this action because the Subject Incident occurred within the district, involved injured individuals who resided in that district at the time, and was investigated by individuals working in that district.  Otherwise requiring citizens of an unrelated forum such as the Central District to participate in jury duty on a case such as this would constitute an unreasonable burden to a presumably already congested court.

**V.      CONCLUSION**

For the foregoing reasons, Defendant Enerco Group, Inc., respectfully requests the Court grant its Motion to Transfer Venue in its entirety and transfer this matter to the Eastern District of California.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

14

## VI.    <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendant Enerco Group, Inc., certifies that this brief contains 4,940 words, which complies with the word limit of Local Rule 11-6.1.

DATED:  October 19, 2023          HAIGHT BROWN & BONESTEEL LLP


By:  _____
     Peter Dubrawski
     Frances P. Brower
     Kyle R. DiNicola
     Attorneys for Defendant ENERCO GROUP, INC.

Haight

1

## PROOF OF SERVICE

2
Michael Pierson, etc., et al. v. M.B. Sturgis, Inc., et al.

3
Case No. 2:23-cv-07919-HDV (RAOxE)

4
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

5
      At the time of service, I was over 18 years of age and not a party to this

6
action.  I am employed in the County of Orange, State of California.  My business address is 2030 Main Street, Suite 1525, Irvine, CA 92614.

7
      On October 19, 2023, I served true copies of the following document(s)

8
described as **DEFENDANT ENERCO GROUP, INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE** on the interested parties in this action as follows:

9
### SEE ATTACHED SERVICE LIST

10

11
      **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address fbrower@hbblaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a

12
reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

13

14
      **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.

15
Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

16

17
      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

18
      Executed on October 19, 2023, at Irvine, California.

19

20

21
Frances P. Brower

22

23

24

25

26

27

28

EI07-0000002
14710426.1

ENERCO GROUP, INC.'S NOTICE OF MOTION
AND MOTION TO TRANSFER VENUE

**SERVICE LIST**
**Michael Pierson, etc., et al. v. M.B. Sturgis, Inc., et al.**
**Case No. 2:23-cv-07919-HDV (RAOxE)**

1
2
3   Brian J. Panish                          Richard A. Ergo
    Thomas A. Schultz                        Manuel Ugarte, Jr.
4   Alexander Behar                          William Nagle
    Panish |Shea |Boyle |Ravipudi LLP        Bowles & Verna LLP
5   11111 Santa Monica Blvd., Suite 700      2121 N. California Blvd., Suite 875
    Los Angeles, CA 90025                    Walnut Creek, CA 94596
6
7   Tel:  (310) 477-1700                     Tel: (925) 935-3300
    Fax:  (310) 477-1699                     Fax: (925) 935-0371
8   Email: bpanish@psbr.law                  Email: rergo@bowlesverna.com
            tschultz@psbr.law                        wnagle@bowlesverna.com
            abehar@psbr.law                          mugarte@bowlesverna.com
9           vherrejon@psbr.law                       ktrujillo@bowlesverna.com
            mliparulo@psbr.law                       sdhillon@bowlesverna.com
10                                                   cajlouny@bowlesverna.com

    *Attorneys for Plaintiffs*
11                                           *Attorneys for Defendant Worthington
                                             Industries, Inc.*
12

13  Brad Snyder                              Kara A. Pape
    Snyder Law Firm, PLC                     Matthew S. Nasser
14  20969 Ventura Blvd., Suite 228           TYSON & MENDES, LLP
    Woodland Hills, CA 91364                 445 South Figueroa St., Suite 3100
15  Tel:  (818) 706-0077                     Los Angeles, CA 90071
    Fax:  (818) 706-1177
16  Email: brad@snyderlawfirmplc.com         Tel:  (213) 745-8600
            ana@snyderlawfirmplc.com         Fax:  (213) 745-8604
17                                           Email: kpape@tysonmendes.com
                                                     mnasser@tysonmendes.com
18  *Attorneys for Plaintiffs*                       lgeissinger@tysonmendes.com
                                                     lmorales@tysonmendes.com
19
                                             *Attorneys for Defendant and Cross-
20                                           Complainant, MB Sturgis, Inc.*

21
22
23
24
25
26
27
28

EI07-0000002
14710426.1

ENERCO GROUP, INC.'S NOTICE OF MOTION
AND MOTION TO TRANSFER VENUE

Scott R. Schillings (Kansas Bar No. 16150)
Hinkle Law Firm LLC
1617 North Waterfront Parkway, Suite 400
Wichita, Kansas 67206
Tel:  (316) 631-3153
Fax:  (316) 630-8375
Email: sschillings@hinklaw.com
           aayesh@hinklaw.com

*Admitted Pro Hac Vice*

*Co-Counsel for Defendant ENERCO GROUP. INC.*