JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 23-7919-KK-RAOx** | Date: | December 28, 2023 |
|---|---|---|---|
| Title: | *Michael Pierson et al v. Enerco group Inc et al* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order GRANTING Defendants' Motion to Transfer Case to the Eastern District of California [dkt. 20]

## I.
## INTRODUCTION

On October 10, 2022, Plaintiffs Michael Pierson and Courtney Pierson (collectively "Plaintiffs") filed a Product Liability Complaint ("Complaint") against Defendants M.B. Sturgis, Inc., Enerco Group, Inc., Coloma Food Inc., Worthington Industries, Inc., and Grand Gas Equipment Inc. (collectively "Defendants) in Los Angeles County Superior Court.  ECF Docket No. ("Dkt.") 4-1.  On January 10, 2023, Defendants filed an Answer.  Dkts. 4-2, 7.  On September 21, 2023, Defendants filed a Notice of Removal of Action to Federal Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Dkt. 1.[1]  On October 19, 2023, Defendants filed a Motion to Transfer Case to the Eastern District of California ("Motion") pursuant to 28 U.S.C. §§ 1404 and 1391.  Dkt. 20.  On November 29, 2023, Plaintiff filed an Opposition to the Motion.  Dkt 32.  On December 7, 2023, Defendants filed a Reply.  Dkt 38.  The matter thus stands submitted.

The Court finds this matter appropriate for resolution without oral argument.  See FED. R. CIV. P. 78(b); L.R. 7-15.  For the reasons stated below, Defendant's Motion to Transfer Case to the Eastern District of California is GRANTED.

---

[1] Defendants state a motion to transfer venue was filed in Los Angeles County Superior Court, but the hearing "was not scheduled for a date until after the removal occurred."  Dkt 20 at 6.

## II.
## RELEVANT FACTS

This case arises out of an explosion that occurred at a campground in Snelling, California within the Eastern District of California, on February 21, 2021 ("Incident").  The Incident occurred in an enclosed trailer owned by Plaintiff Michael Pierson and his wife, Katie Pierson ("Decedent"). Dkt. 20 at 3, Declaration of Kyle R. DiNicola ("DiNicola Decl."), ¶ 21, Ex. A ("Complaint"), ¶ 10. According to the Complaint, Decedent was attempting to turn on a portable propane heater which was connected to a propane tank located inside the trailer.  Id. ¶ 14.  A propane gas flash fire occurred and both Plaintiff and Decedent sustained significant burns.  Id. ¶ 10.

Numerous individuals responded to the Incident, including personnel from the Merced County Sheriff's Department, Cal-fire employees, the owner of the campground where Plaintiffs were staying, and paramedics from Riggs Ambulance Service.  Dkt. 20-8, Declaration of Frances Brower ("Brower Decl."), ¶¶ 1-5; Ex. G, Declaration of Alexandra Britton ¶¶ 1-3; Declaration of Randy Cash ("Randy Decl."), ¶¶ 1-3.  Plaintiff and Decedent thereafter received treatment from physicians at Community Regional Medical Center ("CMRC") in Fresno, and Kaiser Permanente in Sacramento, California within the Eastern District of California.  Complaint ¶¶ 2, 4, 43-44; Declaration of William Dominic, MC ("Dominic Decl."), ¶¶ 1-3.

At the time of the Incident, Plaintiff Michael Pierson and Decedent were residents of Herald, California, within the Eastern District of California.  DiNicola Decl., ¶ 4, Ex. B (Michael Pierson's Responses to Enerco's Form Interrogatories, Set One), No. 4.1.  Additionally, Plaintiff Courtney Pierson, Decedent's daughter, was a resident of Auburn, California also within the Eastern District of California.  Complaint ¶¶ 1, 3; DiNicola Decl., ¶ 4, Ex. F (Courtney Pierson's Responses to Enerco's Form Interrogatories, Set One), No. 2.5.

Decedent ultimately passed away due to her injuries on May 20, 2021.  Complaint ¶ 10. Plaintiffs thereafter initiated the instant action by filing a Complaint in Los Angeles County Superior Court, alleging negligence and product liability claims against the manufacturers of the propane tank, the portable heater, and other equipment involved in the Incident.  See id.

## III.
## DISCUSSION

**A.    VENUE IN THE EASTERN DISTRICT OF CALIFORNIA IS PROPER**

   **1.    Applicable Law**

Under 28 U.S.C. § 1391(b) a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district with respect to such action.

///
///


## 2. Analysis

Here, venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b). The entire Incident that gives rise to Plaintiffs' Complaint occurred in Snelling, California, located in Merced County, in the Eastern District of California. Complaint ¶¶ 10. Therefore, this action could have been brought in the Eastern District of California.[2]

## B. TRANSFER OF VENUE TO THE EASTERN DISTRICT OF CALIFORNIA FOR THE CONVENIENCE OF PARTIES AND WITNESSES AND IN THE INTEREST OF JUSTICE IS APPROPRIATE

### 1. Applicable Law

Under 28 U.S.C. § 1404(a), a district court may, "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." This statute "is intended to place discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). The decision to transfer lies within the sound discretion of the trial judge. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).

The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 943 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). The initial question of a motion to transfer pursuant to 28 U.S.C. § 1404(a) is whether the case "might have been brought" in the proposed transferee district. In re Bozic, 888 F.3d 1048, 1053 (9th Cir. 2018). Once a party satisfies its burden that a case might have been brought in the proposed transferee district, the Court is required "to weigh multiple factors in its determination [of] whether transfer is appropriate in a particular case." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). The convenience of witnesses is said to be the most important factor when deciding a transfer motion. Los Angeles Mem'l Coliseum Comm'n v. NFL, 89 F.R.D. 497, 501 (C.D. Cal. 1981). Courts may also consider:

> (1) the state most familiar with the governing law,
> (2) the plaintiff's choice of forum,
> (3) the respective parties' contacts with the forum,
> (4) the contacts relating to plaintiff's cause of action in the chosen forum,
> (5) the differences in the costs of litigation in the two forums.

---

[2] While Plaintiff's Opposition to the Motion focuses primarily on personal jurisdiction, see dkt. 32 at 14-25, such discussion is not relevant to the Court's analysis. Moreover, federal law allows a district court to transfer an action even if it lacks personal jurisdiction over a defendant. Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2023) ¶¶ 4:589-4:599; see also Goldlawr, Inc. v. Heiman, 82 S. Ct. 913, 915-16; SongByrd, Inc. v. Estate of Grossman, 206 F.3d 172, 179-80 (2d Cir. 2000).

Id.; see also Baglama v. MWV Consumer & Office Prod., No. CV 12-1209-FMO-JPRx, 2013 WL 12200647, at *4 (C.D. Cal. Aug. 19, 2013).

   2. Analysis

      a. Convenience of Witnesses

Here, the entire Incident occurred in the Eastern District of California. Additionally, all of the potential witnesses in this case – including Michael Pierson, the Merced County Sheriff's Department, Cal-fire employees, the owner of the campground where Plaintiffs were staying, paramedics from Riggs Ambulance Service, physicians at CMRC in Fresno, and the Kaiser Permanente facility in Sacramento are all located in the Eastern District of California. Complaint ¶¶ 2, 4, 43-44; Brower Decl., ¶¶ 6-8; Randy Decl, ¶¶ 1-3; Dominic Decl., ¶¶ 1-3. Therefore, the most important factor in the Court's analysis strongly favors Defendants.

      b. The State Most Familiar with the Governing Law

Plaintiff's choice of forum is the Central District of California, while Defendants argues venue is proper in the Eastern District of California. See dkts. 20, 32. Because both venues are located in California, this factor is neutral.

      c. The Plaintiffs' Choice of Forum

Generally, a plaintiff's choice of forum receives greater deference particularly "when the forum chosen is not only the plaintiff's domicile but also has a significant connection with the subject matter of the case." Los Angeles Mem'l Coliseum Comm'n, 89 F.R.D. at 499 (citing Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968)); see also Amini Innovation Corp. v. JS Imports, Inc., 497 F. Supp. 2d 1093, 1110 (C.D. Cal. 2007) ("Generally, the fact that a plaintiff has filed suit in the district where it resides is a sufficient connection to accord its choice of forum deference."). However, a plaintiff's choice may be entitled to less deference if "the operative facts have not occurred within the forum and the forum has no interest in the subject matter." Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

Here, Plaintiff's choice of forum receives less deference because the operative facts did not occur in the Central District of California. In fact, all operative facts occurred in the Eastern District of California. Complaint ¶¶ 2, 4, 43-44; Brower Decl., ¶¶ 6-8; Randy Decl, ¶¶ 1-3; Dominic Decl., ¶¶ 1-3. Therefore, while this factor favors Plaintiffs, it is entitled to less deference.

      d. The Respective Parties' Contact with the Forum

At the time of the Incident, Plaintiff Michael Pierson and Decedent were residents of Herald, California, a city within Sacramento County in the Eastern District of California. DiNicola Decl., ¶ 4, Ex. B (Michael Pierson's Responses to Enerco's Form Interrogatories, Set One), No. 2.5. Plaintiff Courtney Pierson was also a resident of Auburn, California, in Placer County. DiNicola Decl., ¶ 4, Ex. F (Courtney Pierson's Responses to Enerco's Form Interrogatories, Set One), No. 2.5. Moreover, while Plaintiff argues venue is proper in the Central District of California because one of the five Defendants allegedly had a manufacturing facility located there in 2021, see dkt 32 at 18-20, Plaintiff fails to consider the other two ways in which venue may be proper or better suited as

outlined in 28 U.S.C. § 1391(b).  Hence, Plaintiffs' contacts with the Eastern District of California are stronger than its contacts with the Central District of California.  Therefore, this factor favors Defendants.

### e. The Contacts Relating to Plaintiffs' Cause of Action in the Chosen Forum

As previously discussed, the contacts relating to the Incident, including all potential witnesses, are located in the Eastern District of California.  Complaint ¶¶ 2, 4, 43-44;; DiNicola Decl.  ¶¶ 2,4, 43-44; Brower Decl., ¶¶ 6-8; Randy Decl, ¶¶ 1-3; Dominic Decl., ¶¶ 1-3.  Hence, no events occurred in the Central District of California.  Therefore, this factor favors Defendants.

### f. The Differences in the Costs of Litigation in the Two Forums

Finally, the Court agrees with Defendant that "the costs of litigation will be substantially impacted to the extent any party is obligated to compel an individual to appear for trial at the Central District of California[,]" and "[n]ot only will the parties be required to expend unnecessary time and cost to file a motion to compel, but additional unnecessary time and resources will be required to evaluate whether a particular nonparty witness will incur 'substantial expense' in having to travel to the Central District [of California] []."  See dkt. 20 at 18-19.  While Plaintiffs claim "the vast majority of litigation in this matter has already been conducted via remote means[,]" and it will "provide for the cost of travel and accommodations for necessary witnesses to this action[,]" see dkt. 32 at 30, Plaintiffs claims do not contradict the higher litigation costs that would be incurred if the case proceeds in this District.  Therefore, this factor favors Defendants.

Hence, because the instant action could have been brought in the Eastern District of California and the practical factors favor Defendant more than Plaintiff, the transfer of venue to the Eastern District of California is proper.

## IV. CONCLUSION

For the foregoing reasons, the Court finds, pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a), Defendant has met its burden with respect to establishing transfer of venue to the Eastern District of California.  As such, the court hereby GRANTS Defendant's Motion to Transfer Case to the Eastern District of California.  Plaintiff's Motion to Remand, dkt. 21, is deemed MOOT.

**IT IS SO ORDERED.**